# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**YAMAZATO INTERNATIONAL, INC.,**

    **Plaintiff,**

**-vs-**               **Case No. 6:05-cv-1419-Orl-28DAB**

**JOHN ROBERT ELDER and EAST
COAST MARTIAL ART SUPPLIES, INC.,**

    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT [WITH PERMANENT INJUNCTION] (Doc. No. 20)**
>
> **FILED:**  **December 15, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED as modified**.

  It is respectfully **RECOMMENDED** that a Default Final Judgment and Order of Permanent Injunction Against Defendant Eddie Miller be entered as follows:

  Based upon the admissions of Defendant EDDIE MILLER by Default, and after review of the file, the Court finds:

1)   Plaintiff is the rightful owner of Copyright Registration No. PA1-281-268 covering Japanese Swordsmanship, The Art of the Samurai (Exhibit 1 to the Amended Complaint) and is the owner of the following copyright applications for which copyright registrations are being sought:
   The Eight Deadly Cuts of Miyamoto Musashi Vol. I
   The Eight Deadly Cuts of Miyamoto Musashi Vol. II
   The Eight Deadly Cuts of Miyamoto Musashi Vol. III
   The Essence of Shorin Ryu Karate
   Kumite fighting Karate
   Tonfa
   Sai Jutsu
   Bo Vol. I
   Bo Vol. II

2)   Defendant EDDIE MILLER has willfully infringed the Plaintiff's trademarks and copyrights.

3)   It is in the interests of justice to enter a permanent injunction against further acts of infringement.

4)   An injunction will allow the Plaintiff to protect its federally registered trademarks and copyrights.

NOW, THEREFORE, based upon the foregoing findings of fact, this Court ORDERS AND ADJUDGES:

A.   That a permanent injunction is hereby entered against Defendant EDDIE MILLER, his agents, servants, employees, salesmen, successors and assigns, and all those persons knowingly acting in active concert or participation with him or under his authority or otherwise in privity with him, enjoining them from:

(i)   directly, indirectly or in a contributory manner infringing any of Plaintiff's trademarks or copyrights;

(ii)   publishing, selling, marketing or otherwise disposing of any copies of the goods bearing the original works in or corresponding to Plaintiff's trademarks and copyrights; or

(iii)   otherwise unfairly competing in any way with Plaintiff; and

B.   That all video tapes and DVDs bearing the trademarks and copyrights of Plaintiff and all masters, materials and equipment for producing or printing such items in the

possession of Defendant EDDIE MILLER shall be delivered up to Plaintiff's counsel forthwith[1].

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 31, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] The other provisions proposed by Plaintiff concerning merchandise returned by customers are not specified as available relief under 17 U.S.C. § 503 and are not readily susceptible of enforcement.

-3-